IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:21-CV-72-FL

| | |
|---|---|
| LISA WHITLEY CRATCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 15, 17). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Brian S. Meyers, issued a memorandum and recommendation ("M&R") (DE 19), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, the court adopts the M&R, denies plaintiff's motion, and grants defendant's motion.

## BACKGROUND

On February 13, 2020, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning December 19, 2019. The application was denied initially and upon reconsideration. A hearing was held on December 2, 2020, by telephone before an administrative law judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated January 14, 2021. After the appeals council denied plaintiff's request for review, plaintiff

commenced the instant action on May 12, 2021, seeking judicial review of defendant's decision.

## DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his [or her] conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28

---

[1]     Internal citations and quotation marks are omitted from all citations unless otherwise specified.

U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date, December 19, 2019. At step two, the ALJ found that plaintiff had the following severe impairments: scoliosis and degenerative disc disease (DDD) lumbar spine. However, at step three,

3

the ALJ determined that these impairments were not severe enough to meet or medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work, "except she can stand, walk, and sit 6 hours each in an 8 hour workday; lift and carry 20 pounds occasionally and 10 pounds frequently and can push and pull in accordance with those lifting and carrying limitations; occasionally climb; occasionally balance . . . ; occasionally stoop, kneel, crouch, crawl; must have the flexibility to alternate between sitting and standing every thirty minutes." (Tr. 32).

At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff has not been under the terms of the Social Security Act, from December 19, 2019, through the date of the ALJ's decision.

B.      Analysis

In her objections, plaintiff argues that the ALJ erred in failing: 1) to provide a function by function analysis and 2) to adequately weigh plaintiff's subjective statements. Upon careful review of the record, the court finds that the magistrate judge already has addressed thoroughly plaintiff's arguments, and plaintiff raises no issues with the analysis in the M&R. See Orpiano, 687 F.2d at 47. Having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1).

To augment the analysis in the M&R, the court writes separately to address evidence raised by plaintiff in her objections that is not discussed in the M&R. In particular, plaintiff argues that medical evidence in the record shows that plaintiff has significant limitations due to back and leg

pain, which plaintiff suggests is in conflict with the ALJ's RFC determination. Plaintiff cites, for example, to a February 2, 2021, nerve test (the "February 2021 nerve test") and to clinical notes of a March 2, 2021, office visit (the "March 2021 office visit") with plaintiff's treating physician, Scot Eric Reeg, M.D. (Pl's Obj. (DE 20) at 6 (citing Tr. 10-11, 18-20).

Both exhibits, however, post-date the period under review in the ALJ's decision, comprising "December 19, 2019, through the date of th[e] decision." (Tr. 38). Generally, defendant is "required to consider new and material evidence relating to the period on or before the date of the ALJ decision" if submitted to the appeals council prior to its review. Wilkins v. Sec'y, Dep't of Health & Hum. Servs., 953 F.2d 93, 95 (4th Cir. 1991). Post-ALJ decision "medical evidence generally is admissible in an SSA disability determination in such instances in which that evidence permits an inference of linkage with the claimant's pre–[ALJ decision] condition." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 341 (4th Cir. 2012).

Here, plaintiff does not describe how the new evidence relates to the period on or before the date of the ALJ decision. With respect to the February 2021 nerve test, plaintiff merely notes its outcome, "intraspinal canal lesion involving the left L5 nerve root/segment," (Obj. at 6 (see Tr. 20)), without noting anything about it that relates to the period on or before the date of the ALJ decision. With respect to the March 2, 2021, office visit, plaintiff notes that she then "expressed concerns about the cost" of a spinal cord stimulator, (Obj. at 6 (see Tr. 11), again without discussing how this relates to the period under review.

In any event, plaintiff has not shown how the new evidence "would have changed the outcome" of defendant's decision. Wilkins, 953 F.2d at 96. First, there is no indication that the results from the February 2021 nerve test differ materially from those of previous tests in the record. For example, the ALJ describes in his decision a November 1, 2020, MRI as follows:

5

> [T]he claimant was status post L4-5 and L5-S1 bilateral partial hemilaminectomies, with interval resolution of small fluid collections at the laminectomy sites at these levels, with interval decrease in mild central disc protrusions at these levels, and <u>persistent mild left anterior and left lateral epidural enhancement surrounding the left L5 and left 51 nerve roots consistent with post-surgical scarring</u>.

(Tr. 34) (emphasis added). In determining plaintiff's RFC, the ALJ reasoned:

> While imaging showed mild central disc protrusions, and some of the signs of listing 1.04 have been present such as limited range of motion and positive straight leg raising test, <u>treatment records show no significant stenosing features or ongoing significant mechanical impaction of the nerve or other significant findings</u> to explain her continued pain complaints or reports of lack of improvement with treatment.

(Tr. 35) (emphasis added). In comparison, the February 2021 nerve test includes a finding of "intraspinal canal lesion involving the left L5 nerve root/segment, chronic/remote, mild in degree electrically." (Tr. 20). Where the February 2021 nerve test describes "lesion involving the left L5 nerve root," (id.), and the November 2020 MRI similarly describes an "enhancement surrounding the left L5 . . . nerve roots consistent with post-surgical scarring," (Tr. 34), there is no basis upon which to infer that the February 2021 nerve test would materially impact or alter that RFC determination.

Second, there is no basis to infer that plaintiff's statements at the March 2, 2021, office visit would change the outcome of defendant's decision. In his decision, the ALJ noted that plaintiff twice declined to consider "dorsal column stimulation" during office visits with Dr. Reeg during the period under consideration in the decision. (Tr. 34). In assessing plaintiff's RFC, the ALJ reasoned that plaintiff's "recent treatment has been routine and conservative . . . she is not a candidate for additional surgery, and the treatment that has been recommended – a spinal cord stimulator – <u>she has inexplicably declined</u>." (Tr. 34-35) (emphasis added). That finding by the ALJ was supported by substantial evidence, particularly May 13, 2020, and November 11, 2020, progress notes stating plaintiff "does not want to consider" dorsal column stimulation "at this

6

Case 4:21-cv-00072-FL   Document 22   Filed 09/28/22   Page 6 of 8

time." (Tr. 820, 909). The fact that plaintiff later stated, after the ALJ's written decision was completed, that she "is concerned about the costs," (Tr. 11), does not undermine the support for the ALJ's finding for the period under consideration.

Accordingly, plaintiff has not demonstrated that the new evidence relates to the period under review, or that it would change the defendant's decision. Therefore, remand for further explanation regarding the new evidence is not required.

Additional evidence cited by plaintiff in her objections, pertaining to the period under review, also does not provide a basis for remand. For example, plaintiff cites to "long term treatment with pain management" using "pain medications and . . . epidural steroid injections." (Obj. at 6 (citing Tr. 902)). She also notes a November 17, 2020, office visit where she reported "two bad falls" and "pain had gotten worse," with medications including Gabapentin and Oxycodone. (Id. (citing Tr. 899-901)).

The ALJ, however, addresses this evidence in the record and incorporates it into his RFC determination. For example, the ALJ states that plaintiff "reported that the opioid pain medication she was provided helped reduce the pain and improve her function and quality of life," that she "reported that she had fallen twice . . . from her legs giving out." (Tr. 34). The ALJ describes plaintiff's "pain management," which he describes as "routine and conservative in the form of injections, TENS unit, and prescription medications." (Id.). These findings are supported by substantial evidence. For example, November 17, 2020, office visit notes provide: "The patient states that the opioid pain medication helps reduce the pain and [i]mprove the patient's function and quality of life," (Tr. 901), and "The patient['s] pain is worse; Current medications help. (OXYCODONE 15 MG AND BELBUCA 300 MG); The pain medications improves daily function." (Tr. 899).

7

In sum, the ALJ sufficiently explained the weight given to probative evidence in the record, and the ALJ's findings are supported by substantial evidence. Therefore, the court must affirm defendant's decision.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 19). Plaintiff's motion for judgment on the pleadings (DE 15) is DENIED, and defendant's motion for judgment on the pleadings (DE 17) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of September, 2022.

LOUISE W. FLANAGAN
United States District Judge

8

Case 4:21-cv-00072-FL   Document 22   Filed 09/28/22   Page 8 of 8